NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-493

COMMONWEALTH

vs.

JOSE QUINONES.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In September 2002, the defendant was indicted for murder in the first degree and armed robbery arising from the stabbing and subsequent death of a gas station cashier during a robbery in which the defendant stole $376.  On April 1, 2004, the defendant waived indictment, and the Commonwealth proceeded against him on a district attorney's complaint charging one count of possession of cocaine with intent to distribute.  This charge was based on the defendant, after the armed robbery and murder, returning to the apartment of a friend and sharing "crack" cocaine that he brought with him with that friend and that friend's girlfriend.

The defendant changed his plea, as part of a plea agreement, to guilty to one count of murder in the second degree

and one count of distribution of cocaine.[1]  He was sentenced, consistent with the agreement, to from seven to ten years in State prison on the distribution charge, with the sentence on murder in the second degree of life with the possibility of parole, coming on and after the completion of that seven to ten year sentence.

In 2022, the defendant filed a pro se motion to withdraw his guilty plea to the distribution charge.  The appeal before us concerns the denial of that motion and the related motion for reconsideration.  The murder case and the cocaine distribution cases retain two separate docket numbers.  All the pleadings in the instant case were filed under the docket number of the murder case, though the arguments made by the defendant in support of the motion relate only to the cocaine distribution charge.  Although the motion lacked some clarity, it did state that the defendant had been sentenced, with respect to cocaine distribution, for a crime that he did not commit, and indicated that his attorney told him that if he pleaded guilty to "a drug charge that the prosecutor wanted to get off the books," he "would be able to plead guilty to Second Degree Murder."  The defendant also claimed that he was not told prior to the plea that there would be a "from and after" sentence.

---

[1] The charge of armed robbery was dismissed.

2

The Commonwealth opposed the defendant's motion. The defendant's responsive filing addressed only the plea to the distribution of cocaine charge, making clear that he was not seeking to withdraw his plea to the murder charge.

A judge of the Superior Court (motion judge) denied the motion to withdraw the guilty plea on the basis that the plea colloquy transcript clearly reveals that the defendant was informed, at the outset of the plea, that the joint recommendation was for a "from and after" sentence. The motion judge also concluded that the defendant had no substantial grounds for a defense, apparently addressing only the murder case.

In a motion for reconsideration, the defendant argued that there was no truth to the "facts of this drug charge, just two separate declarants, offered for the truth of the matter." The motion judge denied the motion for reconsideration.

Discussion. The Commonwealth first argues that the appeal should be dismissed because the motion to withdraw the plea to the cocaine distribution charge and notice of appeal of the denial of that motion were filed in the murder docket, and so the defendant has taken an appeal from the wrong case, i.e., the murder case. Alternatively, it argues that the denial should be summarily affirmed, where the defendant makes no claim for

3

relief from the murder conviction under the docket of which he filed his motion.

Given our conclusion below, we need not address this issue, and we will assume, without deciding, that the filings by the defendant were adequate to bring his claims with respect to the plea of guilty to cocaine distribution before us.

The defendant argues that he is entitled to withdraw his plea because the facts to which he admitted at the guilty plea colloquy do not establish he committed the offense of distribution of cocaine.[2]  The facts to which he admitted were, according to the prosecutor's recitation, alleged by a woman who lived with a friend of the defendant to whose apartment he had returned after the robbery in which he had stabbed the victim. According to the prosecutor, this witness said, "When she got home the defendant was there, he was sweating.  He looked scared and desperate.  He said he had done a robbery.  He pulled the shorts down and showed her money.  They all then sat down to

_____

[2] The defendant raises the issue of his age at the time of the commission of the offense, nineteen, and asserts that if we allow his plea to be withdrawn, the parole board could immediately, rather than when he currently becomes eligible for parole, consider advances in brain imaging technology that have confirmed that behavior control capacities are immature at that age.  He does not argue that his age is one of the relevant considerations with respect to the motion to withdraw the plea.

4

smoke crack cocaine as the defendant had provided them."[3]  The

prosecutor continued, "According to [the witness], she and her

boyfriend were regular users of crack cocaine and that, in fact,

the items that the defendant shared with them were crack

cocaine."

The defendant's first argument is that these facts do not

amount to distribution.  He argues that "[s]haring [c]ocaine

between friends does not constitute '[d]istribution' of

[c]ocaine.  At [] worst, it's simple 'possession.'"

In Commonwealth v. Jackson, 464 Mass. 758, 764 (2013), the

Supreme Judicial Court decided that "the social sharing of

marijuana is akin to simple possession, and does not constitute

the facilitation of a drug transfer from seller to buyer that

remains the hallmark of drug distribution."  The court there

said its decision was "informed by the clear policy goals served

by the passage of G. L. c. 94C, § 32L," which (at the time)

decriminalized possession of one ounce of marijuana or less with

respect to offenders eighteen years of age or older and was

enacted to "reduce the direct and collateral consequences of

possessing small amounts of marijuana."  Id. at 765.  The court

---

[3] We read this to mean that the witness said the defendant
pulled his shorts down to reveal money hidden in them.

5

concluded "that the social sharing of marijuana does not violate the distribution statute."  Id.

It is true that Jackson involves a construction of the word "distribution" in the statute applicable to class D controlled substances; that it applies more broadly than only to marijuana, covering other class D controlled substances; and that the identical relevant verbiage, including the word "distribute," is contained in the parallel provision prohibiting the distribution of class B substances, including cocaine.  G. L. c. 94C, §§ 32A, 32C.  Nonetheless, we need not decide the open question whether the social sharing of crack cocaine amounts to "distribution" under current law, because the question before us is whether it did at the time the defendant's conviction became final, on April 1, 2004.

The defendant has not met his burden of showing it did.  We are aware of no case from any jurisdiction decided at the time of the defendant's plea that held that social sharing of crack cocaine was not distribution within the meaning of any statute. Further, that conclusion with respect to marijuana distribution was informed by a statute enacted in 2008, see Jackson, 464 Mass. at 761, 765, which could have played no role in the construction of the word "distribution" in 2004.  Finally, as late as 2007, this court said that "sharing constitutes

6

distribution [of marijuana] within the meaning of G. L. c. 94C, § 1," Commonwealth v. Lawrence, 69 Mass. App. Ct. 596, 603 (2007), and cocaine would seem to be an a fortiori case. Although the Supreme Judicial Court in Jackson, supra at 764 n.4, said we only assumed in Lawrence that sharing was distribution, the statement was necessary to our decision in Lawrence that the defendant was predisposed to distribute marijuana, and thus not entrapped. Consequently, we think the facts to which the defendant agreed amounted, at the time the defendant's conviction became final, to distribution of cocaine in violation of the statute then in effect.

The defendant's other arguments require less discussion. He argues that the facts asserted were inadequate because they contained statements that were described as allegations of a declarant who was not present. He characterizes them as "hearsay," although, of course, the recitation of facts is not testimony. In admitting to the statement of facts articulated by the prosecutor at the guilty plea colloquy, we read the defendant to having admitted the allegations made by this witness.

The defendant next argues that the elements of the crime were not, in fact, explained to him. Both his counsel and he stated at the plea colloquy that counsel had explained the

7

elements to the defendant, and that he understood them.  This is a procedure we have long approved.  See Commonwealth v. Robbins, 431 Mass. 442, 450-451 (2000).  In the absence of affidavits from plea counsel and the defendant asserting that this is not what actually took place, there is no support in the record for the defendant's claim.

The defendant suggests that defense counsel requested, and was allowed, funds for the services on the defendant's behalf of an expert psychiatrist, but that the defendant has not seen the psychiatrist's report, suggesting that it may have had relevant information in it with respect to his level of understanding. Nothing in the record, however, indicates that that report is not in the file of the plea counsel, and therefore available to the defendant, and nor, of course, was it placed into the record by the defendant.  There is thus no support in the record for this claim.  The defendant also suggests that perhaps the forensic psychiatrist did not speak or understand Spanish, but there is no evidence of that in the record, either.

The defendant argues that the simple "yes" and "no" answers that he gave at the guilty plea colloquy are a reflection of the advice that he received from counsel, and not true.  But, again, there is no affidavit from the defendant or plea counsel in the record supporting that contention.

8

Finally, the defendant argues that he was entitled to an evidentiary hearing, but in the absence of evidence in the record of the type described above, we see no abuse of discretion in the judge's denial of the motion without such a hearing.[4]  Commonwealth v. Latowski, 478 Mass. 572, 575 (2018) (evidentiary hearing required only where defendant has raised substantial issue supported by substantial evidentiary showing).

> Order entered January 18, 2023, denying motion to withdraw guilty plea affirmed.
>
> Order entered February 27, 2023, denying motion for reconsideration affirmed.
>
> By the Court (Vuono, Rubin & Smyth, JJ.[5]),

Clerk

Entered:  October 8, 2024.

---

[4] After denial of the motion for reconsideration, the defendant did file a verified motion for an evidentiary hearing that contained sworn allegations concerning failures to give accurate advice as well as provision of incorrect advice by counsel.  The judge denied the motion, and no appeal from that order is before us, but we note that, even with respect to that motion the defendant did not submit an affidavit from plea counsel or even evidence that he attempted to get such an affidavit but was unable to do so.

[5] The panelists are listed in order of seniority.